MINNIE S. MAHON *et al.*

*v.*

THE PEOPLE *ex rel.* Margaret Robertson.

*Opinion filed October 24, 1905—Rehearing denied Dec. 7, 1905.*

1. HABEAS CORPUS—*final order as to custody of child may be reviewed on error.* The final order of a court of competent jurisdiction in a *habeas corpus* proceeding for the custody of a child may be reviewed on writ of error by the appropriate appellate tribunals of the State. (*Cormack* v. *Marshall,* 211 Ill. 519, followed.)

2. SAME—*defendants to habeas corpus may sue out writ of error.* Defendants to a *habeas corpus* proceeding, from whose custody a child is removed by the final order of the court, have a right, though not of blood kin to the child, to sue out a writ of error to have the record made against them in the trial court reviewed.

3. SAME—*best interests of child control question of its custody.* The best interests of the child, considered as a whole and not merely from a financial standpoint, should govern the question of its custody, particularly as between persons other than its father and mother.

4. SAME—*clear proof is required to justify order permitting a child to be taken to foreign country.* To justify an order awarding the custody of an orphan child, an American citizen, to the custody of a maiden aunt, a stranger to the child, residing in a foreign country and intending to take the child there, the proof must be clear and satisfactory that such action will be for the best interests of the child.

CARTWRIGHT, C. J., dissenting.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

This was a petition for a writ of *habeas corpus,* filed in the circuit court of Cook county by Margaret Robertson, as the next friend of Emelie Wallace Robertson, a female child six years of age, against Minnie S. Mahon and Thomas Mahon, in whose custody the child had been since it was two

months of age, for the purpose of gaining the possession of the person of said child, to the end that said Margaret Robertson might permanently remove said child from the United States to the city of London, in the kingdom of Great Britain, of which country the father of said child was a subject at the time of his death, and where the said Margaret Robertson and the other relatives of the deceased father of said child resided at the time of the filing of said petition. The writ issued on the filing of the petition. Minnie S. Mahon and Thomas Mahon were duly served with process, and an answer to the petition, which was treated as a return to the writ, was filed by said Minnie S. and Thomas Mahon, and upon a hearing the issues were found for the petitioner and the custody of the said child was taken from Minnie S. Mahon and Thomas Mahon and awarded to Margaret Robertson, from which order the said Minnie S. and Thomas Mahon prosecuted an appeal to the Appellate Court for the First District, where, without objections, the cause was heard upon its merits and a judgment was entered in that court affirming the order of the circuit court, and a certificate of importance having been granted by the Appellate Court, a writ of error, which was made a *supersedeas,* has been sued out of this court to review the judgment of the Appellate Court.

ROSENTHAL, KURZ & HIRSCHL, for plaintiffs in error.

LYNDEN EVANS, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

A motion has been made in this court to dismiss the writ on the ground that the court is without jurisdiction to hear and determine this case, which motion has been reserved to the hearing, and two grounds are relied upon in support of said motion: (1) That the appeal from the circuit

court of Cook county to the Appellate Court was improvidently taken and that the writ of error from this court to the Appellate Court was improperly sued out, as, it is said, the order of the circuit court disposing of the custody of said child cannot be reviewed by appeal or writ of error; (2) that said Minnie S. Mahon and Thomas Mahon have no interest in the subject matter of this proceeding, and can not, by reason of want of interest, prosecute said writ.

As to the first ground, in *Cormack* v. *Marshall,* 211 Ill. 519, it was held that a *habeas corpus* proceeding in this State for the custody of a child is a civil proceeding, and that the order of a court of competent jurisdiction in such proceeding, disposing of the custody of a child, is a final order and *res judicata* of the question of the custody of the child on a subsequent application of the same petitioner by *habeas corpus,* when the conditions surrounding the child remain the same at the time of the filing of the second petition as they were at the time the order was made in the first proceeding, and that the final order of such court disposing of the custody of a child in *habeas corpus* proceedings may be reviewed by writ of error by the appropriate appellate tribunals of this State. The conclusion reached in that case and the principles there announced are controlling in the case at bar. It was agreed in the Appellate Court that the case should be heard by that court upon the merits, if the court was of the opinion that it had jurisdiction either on appeal or writ of error. The case, therefore, will be treated by this court as having been heard upon writ of error by the Appellate Court, and it will not be necessary to consider here whether or not an appeal will lie from the final order of the circuit or superior courts of this State in *habeas corpus* proceedings relating to the custody of a child. Suffice it to say that such orders may be reviewed by writ of error, which disposes of the question raised in this case.

As to the second ground, the general rule is that a writ of error may be sued out by any person who was a party

to the action below. (*Hauger* v. *Gage,* 168 Ill. 355.) Here
the defendant in error filed her petition against plaintiffs in
error and brought them into court by the service of pro-
cess. She averred she was entitled to the custody of said
child and that the custody of the child was unlawfully with-
held from her by the plaintiffs in error. The plaintiffs in
error, who had the custody of the child, were not only proper
but necessary parties to said proceeding, and being neces-
sary parties to the proceeding, and the decision of the court
having been adverse to them upon the merits, they clearly
have the right to have the record made against them in the
trial court reviewed by writ of error in the courts of review
of this State. *McIntyre* v. *Sholty,* 139 Ill. 171; *Anderson*
v. *Steger,* 173 id. 112; *Union Nat. Bank of Chicago* v.
*Barth,* 179 id. 83.

The question of jurisdiction having been disposed of,
we will next consider the case upon its merits.

William McG. Robertson, the father of Emelie Wallace
Robertson, was born in Glasgow, Scotland, in the year
1867, and came to the United States when he was about
twenty-five years of age. He afterwards married in Chi-
cago, and said child was born as the result of that marriage,
on August 13, 1898. Four days thereafter its mother died,
and on October 12, following, the father placed the child
in the custody of Minnie S. and Thomas Mahon, where it
has since remained. The father paid to plaintiffs in error
for clothing and caring for the child $25 per month up until
the time of his death, which occurred March 24, 1904. He
left a will, in which, after providing for the payment of sev-
eral small legacies, he gave the remainder of his estate to
four trustees, who resided in Chicago, for the benefit of the
child, who were authorized to use the income and such por-
tion of the principal as in their opinion might be necessary
for the support, education and maintenance of the child
until she should attain the age of twenty-five years, then
one-half of the estate is to be paid to the child and the rest

held in trust until she reaches the age of forty years. The will also contains the following paragraph :

"In the past I have always paid Mrs. Thomas Mahon twenty-five dollars ($25) per month for the support, education and clothing of my said infant daughter, but this shall be a question with the trustees as to what payments can be made with the moneys at hand. I have always held the right that as my said daughter was my only child, I have refused to promise or grant to Mrs. Thomas Mahon, or any other person, the contract or right to care for my said daughter, Emelie, through her life, and I trust the trustees will see fit to carry out the same arrangement during her minority."

The estate amounted to about $6000, in which amount is included a $2000 insurance policy upon the life of the father, which is not now and may never be available for the benefit of the child. At the time Minnie S. and Thomas Mahon assumed the care of said child it was a puny, sickly child, and remained so for two years. The Mahons reside in their own home, in a small suburb adjoining the city of Chicago. Thomas Mahon is fifty-five years of age, is a machinist by occupation, has a fair education, and earns $75 per month. Minnie S. Mahon is forty-three years of age, was educated in the grammar school, attended school two years in a ladies' seminary, taught school two years, and is connected with the Bureau of Charities at Woodlawn, in the city of Chicago, and it appears that said child has been tenderly nurtured and cared for by Mrs. Mahon, and that Mr. and Mrs. Mahon are strongly attached to the child and that she fully reciprocates their attachment, and that prior to the present contest over her custody she had entered and was in attendance upon the public schools of Fernwood, the suburb in which the Mahons reside. Subsequent to the death of the father the trustees of his will arranged that the child should remain with the plaintiffs in error, and that as compensation for her care and clothing the Mahons were

to receive the net income of the estate in the hands of the trustees, and upon the hearing the plaintiffs in error offered to care for and clothe the child without compensation, if the court and trustees desired them so to do, if they could be permitted to retain her custody. William McG. Robertson left him surviving Margaret Robertson, the relator, and two other unmarried sisters who reside in London, England, and who since his death have expressed a desire to have the custody of said child, although prior to his death, for some reason not explained in the record, they did not desire to take the child, and the said Margaret is now in this country awaiting the termination of this litigation. The relator and her family appear to be people of means and refinement.

The controlling question in this case is, what is for the best interests of the child? The aunt, who desires to obtain the custody of the child, and the Mahons, who desire to retain its custody, have no vested interest in the child, and their desires cannot control the decision of the court. In reaching a conclusion it must be borne in mind that the father of this child was permanently domiciled in the United States from 1892 to 1904; that he married the mother of the child in this country; that the child was born in the city of Chicago, and that at the common law and under the constitution of the United States said child is an American citizen; (*United States* v. *Wong Kim Ark,* 169 U. S. 649;) and while it is perhaps true that a court in a *habeas corpus* proceeding may have the power to award the custody of said child to a person who intends to remove the child from the United States to a foreign country, it ought not to exercise such power unless the proof is clear and satisfactory that the best interests of the child require that the court take such action. It is admitted this child is now in the custody of the family with whom she has always made her home; that Mrs. Mahon, her foster mother, is the only mother she has ever known; that the bonds of affection existing between the child and Mr. and Mrs. Mahon are very strong; that

they have no small children of their own; that they are worthy people, and that they are willing to care for and clothe this child without compensation rather than that she should be taken from them. The only reason urged why the custody of the child should be changed and transferred to the sister of the father, who resides in England, is, that the child, if such change be made, will be afforded better educational advantages and more flattering prospects of inheriting wealth than she will if she remains in this country in the family where she has lived substantially from her birth to the present time. The questions of education and wealth are proper matters for the consideration of the court in determining with whom the custody of this child shall rest, but they are in no way controlling. As we view the law, the defendant in error has not made, by the proofs, such a clear case as would justify the court, under the circumstances disclosed in this record, in interfering with the custody of this child and transferring it to said aunt, who resides in a foreign country and who is a stranger to the child in fact though not in blood. The child is now in the hands of good people. She has a comfortable home, is well cared for, is being educated in the common schools, and the trustees appointed to handle her estate, and her estate, are here, and that estate, if properly cared for, will educate and maintain her until she has reached the age of discretion and is able to contribute to her own support and obtain by her own efforts, if she so desires, the benefits of a higher education. That she is surrounded by working people, that she attends the public schools, that it may become necessary for her to work in order to support and educate herself, does not show that her environment is un-American, and furnishes no sound reason why her domicile should be changed.

We do not agree with the conclusions reached by the circuit and Appellate Courts. The order of the circuit court and the judgment of the Appellate Court will therefore be reversed and the cause will be remanded to the circuit

218—12

court, with directions to dismiss the petition and to restore said Emelie Wallace Robertson to the custody of Minnie S. Mahon and Thomas Mahon.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE CARTWRIGHT, dissenting.