ELLEN SULLIVAN

*v.*

THE PEOPLE *ex rel.* Bernard Heeney.

*Opinion filed December 22, 1906.*

1. HABEAS CORPUS—*appeal does not lie in a proceeding for custody of child.* The final order in a *habeas corpus* proceeding for the custody of a child may be reviewed upon writ of error but not by appeal.

2. SAME—*extent to which order in habeas corpus proceeding is final.* An order determining the rights of the parties in a *habeas corpus* proceeding for the custody of a child is final, for the purpose of a writ of error, only in the sense that the parties are concluded under the particular circumstances existing when the order was entered; but if there is a change in the circumstances the order is not final and the issue may be tried again on a second application.

3. SAME—*when jurisdiction of an appeal cannot be questioned.* Where an appeal is taken to the Appellate Court from an order in a *habeas corpus* proceeding for the custody of a child and no motion to dismiss the appeal is made by the appellee who voluntarily appears and joins in error, the jurisdiction of the Appellate Court to entertain the appeal cannot be questioned upon further appeal to the Supreme Court, since the Appellate Court has jurisdiction of the subject matter if properly invoked, and appellee's joinder in error amounts to an appearance.

4. PARENT AND CHILD—*parent cannot be divested of custody of child without notice.* A parent has the right to the custody of his child as against the world unless he has forfeited his right or the welfare of the child demands that he should be deprived of it, and he is entitled to notice of any proceeding by which he is to be deprived of such custody.

5. SAME—*father is presumed to be entitled to custody of child.* A father's right to the custody of his child is superior to the right of any other person, if he is a fit person to have such custody and is so circumstanced that he can provide the necessaries of life and properly maintain and educate the child; and it will be presumed that he is entitled to the custody of the child until proof to the contrary is made.

6. ADOPTION—*when decree of adoption is void as to parent.* A decree of adoption, entered in a proceeding no notice of which was given to the father of the child although he was living within the

State, is void, as to such parent, whether the Adoption statute expressly provides for such notice or not, and even though the petition for adoption alleges that he has deserted the child.

7. SAME—*when holding decree of adoption invalid does not determine father's right to custody.* Where the only question tried in a *habeas corpus* proceeding by a father for the custody of his child is whether a certain decree of adoption is valid, the fact that the Appellate Court finds such decree was void as to the parent and reverses the order of the lower court does not necessarily establish the father's right to the custody of the child, and the cause should be remanded to permit that question to be adjudicated according to the best interests of the child.

CARTER, J., dissenting.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

JOHN R. MCCABE, (ALEXANDER SULLIVAN, of counsel,) for appellant:

No appeal can be taken from the order entered in the *habeas corpus* proceeding. The Appellate Court had no jurisdiction to entertain the attempted appeal, and its judgment of reversal is void and should be reversed. *Cormack* v. *Marshall*, 211 Ill. 519; *Mahon* v. *People*, 218 id. 171.

The parties, by submitting the case to the Appellate Court without questioning the jurisdiction of that court, did not confer jurisdiction on the Appellate Court to decide the case. Jurisdiction of the subject matter cannot be given by the act of the parties. *Ginn* v. *Rogers*, 4 Gilm. 133; *Woodside* v. *Woodside*, 21 Ill. 206; *Portrait Co.* v. *Crayon Co.* 217 id. 200.

The primary consideration in the decision of a writ of *habeas corpus* for the custody of a child is the best interests of the child. *In re Smith*, 13 Ill. 139; *Mahon* v. *People*, 218 id. 171; 15 Am. & Eng. Ency. of Law, (2d ed.) 187.

The natural right of a father to have the custody of his child is dependent on the performance by him of his duty, as

a parent, to provide for, educate, maintain his child, etc. 21 Am. & Eng. Ency. of Law, (2d ed.) 1038.

The father has no absolute, inherent right to the custody of a child. It is a matter for the court to determine, and the court will not take a child from good custody and surroundings if it is for the best interests of the child that it should remain there; and this is especially true when the child is approaching the age where it can choose its own guardian. *McKershe* v. *Green,* 58 Pac. Rep. 406.

A parent deserting his child is not entitled to notice of a proceeding for adoption. *Barnard* v. *Barnard,* 119 Ill. 92.

Consent of the deserting parent is not necessary. *Baker* v. *Strahern,* 33 Ill. App. 59; *Barnard* v. *Barnard,* 119 Ill. 92.

The statute does not require notice to be given to a parent who deserts his child. Where the parent deserts his child it is sufficient that notice be given to next of kin. 1 Starr & Cur. Stat. chap. 4, secs. 2, 3.

McARDLE & McARDLE, for appellee:

Appeals from and writs of error to all circuit courts may be taken to the Appellate Court from all final judgments, orders and decrees, "except as hereinafter provided." Rev. Stat. chap. 110, sec. 68.

The exceptions do not embrace a final judgment or any judgment on *habeas corpus.* Rev. Stat. chap. 110, sec. 88.

The judgment in this record is a final judgment. *Cormack* v. *Marshall,* 211 Ill. 519; *Mahon* v. *People,* 218 id. 171.

The statute, which in this case regulates the practice on writs of error, also gives the right of appeal, and the right of appeal so given is co-extensive with the right to a writ of error, for the statute says: "Appeals from and writs of error to all circuit courts may be taken from all final orders," etc. Rev. Stat. chap. 110, sec. 68.

The parent's right is paramount and not to be lightly set aside. It entitles him *prima facie* to the judgment of the court. His unfitness must be affirmatively shown or the for-

feiture of his right clearly established, for the legal presumption is that the parent is a fit and proper person to have the child's custody. *State* v. *Martin*, 103 N. W. Rep. 888; *Nowal* v. *Zinsmaster*, 57 Neb. 159; *Terry* v. *Johnson*, 103 N. W. Rep. 319.

The statute of adoption under which the adoption proceedings in this case were had, provides that the parties desiring to adopt a child may petition the court, and then prescribes what the petition shall state, enumerating, *inter alia*, (1) the name and residence of the parents of the child if known to the petitioner; and (2) whether the parents, or survivor of them, consents to the adoption. Starr & Cur. Stat. chap. 4, secs. 1, 2.

The statute of adoption being in derogation of the common law, not alone must it be strictly construed, but the course prescribed ought to be exactly observed and strictly pursued. *Watts* v. *Dull*, 184 Ill. 86; *Haywood* v. *Collins*, 60 id. 328.

This petition is jurisdictional, and the facts which are required by the statute to give the court jurisdiction must appear on the face of the petition. *Watts* v. *Dull*, 184 Ill. 86.

In the absence of an allegation that the residence of the father of the child is unknown, a petition failing to state the residence of the surviving father does not give jurisdiction. *Watts* v. *Dull*, 184 Ill. 86.

An adoption petition which fails to state "whether the parents, or the survivor of them, consents to such adoption," is fatally defective and does not give the court jurisdiction. *Watts* v. *Dull*, 184 Ill. 86.

The decree is absolutely void, as against appellant, to divest him of his parental rights and privileges, for there is absolutely nothing to show that the court had ever acquired jurisdiction of his person by process or notice or appearance. *Schlitz* v. *Roenitz*, 86 Wis. 31; *Chaser* v. *Hathaway*, 14 Mass. 222.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court :

On April 26, 1905, Bernard Heeney, father of Marie Heeney, a child eleven years of age, petitioned the circuit court of Cook county for a writ of *habeas corpus* to inquire into the cause of the detention of said Marie Heeney by the appellant, Ellen Sullivan. He alleged in the petition that Ellen Sullivan claimed the custody of said Marie Heeney by virtue of a decree of adoption entered in said circuit court on November 18, 1903, upon the petition of Peter Sullivan, who afterward died, and the said Ellen Sullivan. A writ of *habeas corpus* was ordered and issued and a return was made by Ellen Sullivan, in which she set out the proceedings for the adoption of the child. The court ordered that the petition for the writ should stand as the answer and plea of the relator to the answer and return of the respondent. The issue was submitted to the court upon the petition and return and no evidence was produced by either party. The only information which the court had was derived from the allegations of the petition for the writ and the return thereto, and upon consideration of the same the court found and adjudged that Marie Heeney was lawfully in the custody of the respondent and remanded her to such custody. The relator appealed to the Appellate Court for the First District, and that court reversed the judgment without remanding the cause and filed an opinion giving the reasons for the reversal, in which it was held the decree of adoption was void for want of jurisdiction and that the respondent was not entitled to the custody of Marie Heeney by virtue of that decree. It was expressly stated, however, that the court must not be understood as holding that the relator was entitled to such custody, and that that question remained to be decided in a proper proceeding to be instituted for that purpose. By the judgment of the Appellate Court the *habeas corpus* proceeding was ended and the relator was left to begin another proceeding for the same purpose. Ellen Sulli-

van appealed from the judgment of the Appellate Court and assigns as error the reversal of the judgment of the circuit court. Bernard Heeney assigns as cross-error that the Appellate Court, upon reversing the judgment, erred in not entering a final decree awarding the custody of Marie Heeney to him or remanding the cause to the circuit court for further proceedings.

It is first contended by appellant that no appeal from the order of the circuit court was allowed by law, and that the judgment of the Appellate Court was therefore void. It must be considered as the settled law of this State, that if a *habeas corpus* proceeding for the custody of a child is instituted in a court of record a writ of error will lie to review the judgment of the court. That was the effect of the decision in *Cormack* v. *Marshall*, 211 Ill. 519, and it was expressly decided in *Mahon* v. *People*, 218 Ill. 171. That can only be upon the ground that the order of the court is final and of such a nature that a writ of error is a writ of right under the common law system as adopted in this State. The Practice act authorizes appeals from and writs of error to all circuit courts from all final judgments, orders or decrees within the scope of that act. But that general provision does not cover cases where there is a special statute regulating the procedure which does not authorize an appeal,—at least where the provisions of the special statute are inconsistent with a right of appeal. Chapter 65 of the Revised Statutes purports to cover the whole subject of the law in relation to *habeas corpus*. It creates a complete code of procedure, prescribing what the petition shall contain, the form of the writ and how it shall be served, and providing for the return and hearing. It not only fails to provide for an appeal but contemplates second applications and writs, and places limitations upon the power of the court on a second writ which are inconsistent with the intention to allow an appeal. If it should be held that the statute authorizes an appeal, the right would be an absolute one, by which the execution of the order

would be stayed and an illegal detention might perhaps be continued contrary to the intent of the *habeas corpus* act. An order in a *habeas corpus* proceeding for the custody of a child is held to be final for the purpose of a writ of error only in the sense that the parties are concluded under the particular circumstances existing when the order is made. The order is final when pronounced but may not be final at any subsequent time, and its finality afterward is to be determined, not from its character, but from extrinsic proof. If there is any change in the conditions and circumstances the order is not final or conclusive and the parties are free to try the issue again upon a second application.

Aside from the special provisions of the *habeas corpus* act, we are of the opinion that the order is not of the character contemplated by the Practice act as authorizing an appeal, and that the only method of review is by writ of error. The Appellate Court having power to review the judgment of a court of record in a *habeas corpus* proceeding has jurisdiction of the subject matter, and may exercise that jurisdiction when properly invoked in a particular case. In this case the method employed was an appeal, but the appellee voluntarily appeared and joined in error. The joinder in error could not give jurisdiction of the subject matter, but it constituted an appearance, (*Price* v. *Pittsburgh, Ft. Wayne and Chicago Railroad Co.* 40 Ill. 44;) and if the cause had been improperly transferred to the Appellate Court by writ of error instead of appeal, a motion should have been made to dismiss the appeal. In the case of *Ginn* v. *Rogers,* 4 Gilm. 131, the court had no original jurisdiction in forcible entry and detainer, and in *Woodside* v. *Woodside,* 21 Ill. 206, *Roby* v. *South Park Comrs.* 215 id. 200, and *Chicago Portrait Co.* v. *Chicago Crayon Co.* 217 id. 200, the orders appealed from were not final, and the court was without jurisdiction to review them upon appeal, writ of error, or in any other manner. It is now too late to object to the method by which this case was taken to the Appellate Court. It has

come to this court by appeal, and errors and cross-errors have been assigned, so that no question arises as to how the cause was transferred to this court.

It is next contended by appellant that the judgment of the circuit court was right and should have been affirmed by the Appellate Court. The relator, in his petition, set out the decree of the circuit court for the adoption of the child, and that decree recited that upon evidence adduced by the petitioners and testimony heard in open court it appeared that the relator had deserted his child for the space of more than one year, to-wit, for the space of six years. The relator alleged that he had no notice or knowledge of that proceeding, and that he never deserted his child and never consented to the adoption. The return contained a copy of the petition for adoption, which alleged that the mother of the child was dead; that the relator, who was a resident of Cook county, Illinois, had deserted his wife and child for the space of six years, and that the petitioners were of sufficient ability to bring up the child and furnish suitable nurture and education for her. The return alleged that the petition for adoption was true; that the relator had deserted and abandoned his child for more than six years before the adoption; that the respondent, at the request of the mother of the child, had maintained, educated and supported her during said time; that the relator had wholly failed to support her, and that the respondent had become very much attached to the child. The relator was a resident of Cook county, Illinois, and no notice was given to him of the proceeding by which the court assumed to deprive him of his parental rights and to declare that his child should, to all legal intents and purposes, be the child of petitioners. He was charged with having deserted and abandoned his child for the space of six years, and the court, without giving him any notice or an opportunity to be heard in his own defense, found him guilty of the charge and adjudged accordingly. A parent has the right to the custody of his child as against all the world, unless he has forfeited

his right or the welfare of the child demands that he should be deprived of it. To divest him of his rights without notice and an opportunity to be heard is not only contrary to every principle of natural justice but is prohibited by the constitution. A court cannot be clothed with authority to decree that a parent has deserted his child and forfeited his parental rights without notice to him. The rules applicable to such cases are stated in *Schlitz* v. *Roenitz*, 86 Wis. 31, and *Chase* v. *Hathaway*, 14 Mass. 222. The statute of adoption provides for notice to the guardian, if there is one, or the next of kin in this State capable of giving consent, in case neither of the parents of the child is living, and we cannot say that the legislature intended that no notice should be given to a living parent residing within the State. But whether the statute requires notice to a parent within the State who is charged with having deserted his child or not, there can be no valid adjudication depriving him of his parental rights without notice. The decree of adoption was void as against him, and did not entitle respondent to the custody of the child. Of course no other person can complain that the rights of the father or mother have been infringed. The adoption proceedings would be conclusive on the parties to the proceeding and their heirs. (*Nugent* v. *Powell*, 33 Pac. Rep. (Wyo.) 23; *Parsons* v. *Parsons*, 101 Wis. 76.) There was no other evidence before the circuit court to sustain the order remanding the child to the custody of the respondent, and the judgment of the Appellate Court reversing the order was right.

The return of the respondent alleged the truth of the statements contained in the petition for adoption and further facts tending to show that the welfare of the child required that it should be left with the respondent. The father's right to the custody of his child is superior to the right of any other person if he is a fit person to have such custody and is so circumstanced that he can provide the necessaries of life and properly maintain and educate the child. (*Miner*

v. *Miner,* 11 Ill. 43; *Hewitt* v. *Long,* 76 id. 399; *Cormack* v. *Marshall, supra.*) The law charges the father with the maintenance of his child, and the legal presumption, in the absence of all proof, is that he is entitled to its care and custody. The right is not an absolute one, and it may be divested by the paramount power of the State for good and sufficient cause. The father may by his misconduct forfeit his right, (10 Am. & Eng. Ency. of Law,—2d ed.—1038;) but proof of the facts which show such forfeiture, or that he is unfit to perform the duties or obligations resting upon him, is upon the one who alleges them. No question was tried in the circuit court except the single one of the validity of the decree of adoption, and it does not follow, as stated in the opinion of the Appellate Court, from the invalidity of the decree, that the relator is entitled to the custody of the child. That question remains to be determined in view of the best interests of the child under all the circumstances, taking into consideration the natural rights of the relator, his desertion and abandonment of his duties toward the child, if proved, and his fitness or unfitness to have her care and custody. He sought his remedy by *habeas corpus,* which is a proper proceeding to determine those questions, and we do not discover any valid reason for requiring him to institute a new proceeding of the same character. We are of the opinion that the cause should have been remanded to the circuit court, to the end that the question of the right to the custody of the child may be adjudicated. The cross-error assigned is therefore sustained.

The judgment of the Appellate Court reversing the order of the circuit court is affirmed, but the cause is remanded to the Appellate Court with directions to remand it generally to the circuit court for further proceedings not inconsistent with the opinion of the Appellate Court and this opinion. Each party will pay one-half of the costs in this court.

*Affirmed in part, reversed in part and remanded.*

Mr. JUSTICE CARTER, dissenting.