### John Harmon, Defendant in Error, v. Minnie Starbody, Plaintiff in Error.

1. PARENT AND CHILD, § 3*—*when parent is entitled to custody of child.* A man who was a fit person to have the custody of his little daughter was entitled to obtain possession of such child from his sister, where at the time of the death of such man's wife she left three girls, the two oldest of whom, aged 12 and 10 years, were in a good children's home, and where the child in question, who was but a few months old at the mother's death, had first been placed with the others until she was about 11 months old, and where thereafter she was placed in said sister's care and defendant had paid board for the child's keep, and desired to place her at said children's home with her sisters.

2. PARENT AND CHILD, § 5*—*when parent will be deprived of custody of child.* It is only in extreme and special cases where the parent is unfit or unable to give the proper care to his children that the court will taken them from such parent.

Error to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920.

LA FORGEE, BLACK & SAMUELS, for plaintiff in error.

CLIVE C. MARTIN and LAWRENCE C. WHEAT, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

John Harmon, defendant in error, and Minnie Starbody, plaintiff in error, are brother and sister, and this is a proceeding in habeas corpus brought by the former to recover the possession of his minor child, Grace Harmon.

John Harmon resides in the City of Cincinnati, Ohio, and is a machinist by trade. While he was living in that city his wife died leaving three minor children, all of whom are girls. Elizabeth, the oldest, is now about 12 years of age, Sadie about 10 years of age and Grace, the youngest, about 7 years of age. When her mother died, Grace Harmon was a baby but a few months old. John Harmon at that time being unable to personally take care of and look after his three girls attempted to place them in the Methodist Children's Home at Worthington, Ohio. The two older children were received by the Home but it was not equipped to take care of the baby, Grace, and it was suggested by the officers of that institution that he have Grace taken care of in some other manner until she was 2 years of age. He thereafter, when Grace was 11 months old, took her to his sister, plaintiff in error, who had agreed to take care of her and who has done so ever since that time. John Harmon has paid his sister $50 every 3 months for the care of Grace. He has paid the Methodist Children's Home $480 a year for the care of Elizabeth and Sadie. When Grace became 2 years of age, he sought to place her also in the Home with her sisters but plaintiff in error objected and has retained possession of the child until the present time. The evidence shows that the Methodist Children's Home is an institution where the greatest care is taken of children and where they have every advantage that is usually found in such institutions. The children living in the Home attend the public schools of Worthington, and Elizabeth is now attending the High School

in that city.  It is John Harmon's desire to have his three daughters together and that Grace should have the love and companionship of her older sisters.

It is insisted by plaintiff in error that the best interests of Grace require that she be left in the possession of the former.  We cannot agree with this contention.  So far as this record shows, John Harmon is a fit person to have the custody of his children.  It is highly important for his child, Grace, to have the benefit of the affection and companionship of her older sisters, who, in a few years, will be able to take care of their father's home and the family can again be reunited.  We cannot see wherein it would be of advantage to Grace to be brought up isolated from her father and her sisters.  That a parent has the right to the custody of his children against all the world, unless he has forfeited that right or the welfare of the child demands that he should be deprived of it, is a fundamental principle which has been long and firmly established.  The home is the foundation of society and civilization and only in an extreme and special case where the parent is unfit or unable to give the proper care to his children will the court take them from him.  *Sullivan v. People,* 224 Ill. 468; *Hohenadel v. Steele,* 237 Ill. 229; *Cormack v. Marshall,* 211 Ill. 519; section 4, ch. 64, Rev. St. (J. & A. ¶ 6001); 21 Cyc. 63; *Stafford v. Stafford,* 217 Ill. App. 548.

A suggestion is made which questions the jurisdiction of the circuit court to entering the order appealed from.  There is no assignment of error in this regard on the record and no such question was raised in the court below.  However, we have examined the point raised and find it without merit.

The judgment of the circuit court is affirmed.

*Affirmed.*