490    APPELLATE COURTS OF ILLINOIS.

People ex rel. Hirsch v. Nagel, 243 Ill. App. 490.

## The People of the State of Illinois ex rel. Albert G. Hirsch, Defendant in Error, v. Charles F. Nagel and Margaret Nagel, Plaintiffs in Error.

1. APPEAL AND ERROR—*incorporation in record of proceedings in vacation.* Proceedings in habeas corpus before a judge in vacation cannot be certified by the judge and filed with the clerk of the court of which he is judge and thereby be made a part of the record.

2. HABEAS CORPUS—*procedure governed by statute.* The writ of habeas corpus is guaranteed by the Illinois bill of rights but the proceedings and practice to obtain that right are governed by statute, Cahill's St. ch. 65.

3. APPEAL AND ERROR—*review of habeas corpus proceedings in vacation.* Although a writ of error will lie to review the record of a habeas corpus proceeding in a circuit court, it will not lie to review habeas corpus proceedings before a judge in vacation.

4. PARENT AND CHILD—*right of father to custody.* That the father is not as affectionate toward and as attentive to his son as respondents felt he ought to be, will not cause the Appellate Court to reverse the finding of the trial judge made in vacation that the father, as the natural guardian under Cahill's St. ch. 64, ¶ 4, is competent and fit to have the custody of the child.

5. APPEAL AND ERROR—*review of findings.* The Appellate Court will not reverse the findings of the trial court in a trial without a jury nor of a chancellor where the witnesses are heard by him, unless the findings are manifestly contrary to the weight of the evidence.

Error by defendants to the Circuit Court of Monroe county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1926. Writ of error dismissed. Opinion filed February 19, 1927.

McGLYNN & McGLYNN, for plaintiffs in error.

A. H. FRIDRICHS, State's Attorney, and A. C. BOLLINGER, for defendant in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

In May, 1926, one Albert G. Hirsch of Monroe county presented a petition for a writ of habeas corpus to the Hon. George A. Crow, one of the circuit

judges of said county, during the vacation after the March and before the September term of said circuit court. Said petition charged that Charles N. Hirsch is a minor child of the petitioner, aged three years; that the mother of said child is dead, "and that said child is now unlawfully held and detained by Charles F. Nagel and Margaret Nagel, and unlawfully kept away from the petitioner and out of his care and custody, and that said detention is unjust and contrary to law."

The respondents, Charles F. Nagel and Margaret Nagel, in their return to said petition, aver that they are the grandfather and grandmother, respectively, of said Charles N. Hirsch, whose mother, Lena Hirsch, their daughter, died on the 28th day of December, 1922. Respondents further allege in said return that the mother before her death requested the petitioner, the father of said child, to allow its care and custody to be delivered to its said grandparents, and that the petitioner agreed thereto; that, pursuant thereto, respondents took said child and have since had its possession and control; that said child was of delicate health and that they had given said child every care and attention possible, in order that it should become a healthy and strong child. It is further alleged in said return that petitioner and his present wife, he having remarried since the death of the mother of said child, are not experienced in the rearing of children, and that they were not in a position to give said child the attention it should have; that said petitioner has repeatedly stated and declared that he did not want said child, and that he preferred to have the respondents retain its care and custody; that it was only after his marriage with his present wife, and on account of the gossip of the neighbors to the effect that his present wife did not want the child in the home, that petitioner and his said wife began to demand that its custody be delivered to them.

A hearing was had in vacation before the Hon. J. F. Gillham, another of the circuit judges of said county, and an order was entered giving said child into the care and custody of its father. To reverse said order, respondents prosecute this purported writ of error.

While counsel for said petitioner raise no question in their brief or argument as to the right of respondents to prosecute said writ of error, still, as we view this matter, it is one of jurisdiction, and for that reason it is our duty to first determine whether or not a writ of error will lie to reverse this proceeding.

The purported record in this case clearly indicates that the entire habeas corpus proceeding was had in vacation. Was there then such record as would support a writ of error?

Writs of error lie to reverse records of courts, but, so far as we have been able to ascertain, they never have been held to lie to reverse proceedings had before a judge in vacation. The judge who heard this proceeding purported to sign a bill of exceptions, but we do not understand that there can be a bill of exceptions to proceedings had before a judge in vacation. At any rate, we do not understand that such proceedings can be certified to by the judge and then filed with the clerk of the court of which he is a judge and be thereby made a record of that court.

While the writ of habeas corpus is guaranteed in our bill of rights, the proceedings and practice in reference thereto are covered by statute. Cahill's St. ch. 65. In *Sullivan v. People ex rel. Heeney*, 224 Ill. 468, the court in discussing this question at page 473 says:

"Chapter 65 of the Revised Statutes purports to cover the whole subject of the law in relation to habeas corpus. It creates a complete code of procedure, prescribing what the petition shall contain, the form of the writ and how it shall be served, and providing for the return and hearing. It not only fails to provide for an

appeal, but contemplates second applications and writs, and places limitations upon the power of the court on a second writ which are inconsistent with the intention to allow an appeal. If it should be held that the statute authorizes an appeal, the right would be an absolute one, by which the execution of the order would be stayed and an illegal detention might perhaps be continued contrary to the intent of the habeas corpus act. An order in a habeas corpus proceeding for the custody of a child is held to be final for the purpose of a writ of error only in the sense that the parties are concluded under the particular circumstances existing when the order is made."

It was a serious question with the Supreme Court in *Cormack v. Marshall,* 211 Ill. 519, as to whether the judgment rendered in a habeas corpus proceeding by a circuit court, or the order made by a circuit judge in vacation, was a final judgment or order. The majority of the court in that case held that it was, but Justices Wilkin, Cartwright and Scott dissented from that opinion, and at page 530 they say:

"We dissent from the foregoing opinion so far as it holds that a writ of error will lie to review a decision of a judge or court in a *habeas corpus* proceeding and that such a decision is *res judicata.* A *habeas corpus* proceeding may be before a judge in vacation, in which case there is no record to be certified to an Appellate Court for review. An order as to the custody of a child in a *habeas corpus* proceeding is in its nature temporary and interlocutory, and we do not see how it can be *res judicata* in a subsequent proceeding in this court."

In the *Cormack* case there had been a hearing before the circuit court of DeKalb county, and an order or judgment was entered by said court. Thereafter an original petition in habeas corpus was presented in the Supreme Court, seeking to have that court go

into the matter of the custody of the child, which was involved in that proceeding, and the Supreme Court there held that the proceedings and judgment rendered in the circuit court were *res judicata,* and that the Supreme Court therefore had no jurisdiction to entertain the petition for such writ, and in determining the case indicated that a writ of error would lie to reverse the record of a circuit court in a habeas corpus proceeding. That matter, however, was not specifically involved in that case, and the holding was largely *obiter dictum.*

In *Mahon v. People,* 218 Ill. 171, there had been a hearing in the circuit court of Cook county in a habeas corpus proceeding touching the custody and control of a child six years of age. An appeal was prosecuted to the Appellate Court for the first district, where, without objection, the cause was heard upon its merits and a judgment was entered in that court confirming the order of the circuit court. A writ of error was sued out of the Supreme Court to review the judgment of the Appellate Court. The court in discussing this question at page 173 says:

"It was agreed in the Appellate Court that the case should be heard by that court upon the merits, if the court was of the opinion that it had jurisdiction either on appeal or writ of error. The case, therefore, will be treated by this court as having been heard upon writ of error by the Appellate Court, and it will not be necessary to consider here whether or not an appeal will lie from the final order of the circuit or superior courts of this State in *habeas corpus* proceedings relating to the custody of a child. Suffice it to say that such orders may be reviewed by writ of error, which disposes of the question raised in this case."

In *Sullivan v. People, supra,* the court at page 473 says:

"It is first contended by appellant that no appeal from the order of the circuit court was allowed by

law, and that the judgment of the Appellate Court was therefore void. It must be considered as the settled law of this State, that if a *habeas corpus* proceeding for the custody of a child is instituted in a court of record a writ of error will lie to review the judgment of the court. That was the effect of the decision in *Cormack v. Marshall,* 211 Ill. 519, and it was expressly decided in *Mahon v. People,* 218 Ill. 171. That can only be upon the ground that the order of the court is final and of such a nature that a writ of error is a writ of right under the common law system as adopted in this State. The Practice Act authorizes appeals from and writs of error to all circuit courts from all final judgments, orders or decrees within the scope of that act, but that general provision does not cover cases where there is a special statute regulating the procedure which does not authorize an appeal,—at least where the provisions of the special statute are inconsistent with a right of appeal."

While the Supreme Court has definitely held, as above stated, that a writ of error will lie to review the record in a habeas corpus proceeding had in a circuit court, the reasoning of the court in the cases above quoted clearly indicates that such writ will lie in habeas corpus proceedings only where the proceedings were had in court, and cannot extend to proceedings had before a judge in vacation. As was said by Justices Wilkin, Scott and Cartwright in their dissenting opinion, there is no record to be certified to by the clerk in a proceeding had before a judge in vacation.

Before we observed that this purported record was entirely made up of proceedings before a judge in vacation, we had gone into the merits of the same, and had reached the conclusion that the case should be affirmed. While the claim of respondents appealed to us strongly, yet we were of the opinion, in view

496     Appellate Courts of Illinois.

People ex rel. Hirsch v. Nagel, 243 Ill. App. 490.

of the rights of the father to the custody and control of his child unless unfit for such duty, and in view of the fact that the judge who heard this case saw and heard the testimony of the various witnesses who testified for the respective parties, and had a better opportunity to determine the weight to be given to their testimony than we could have, that we would not have been warranted in reversing the order giving the custody of said child to the petitioner. Cahill's St. ch. 64, ¶ 4; *Cormack v. Marshall, supra,* 523; *Wohlford v. Burckhardt,* 141 Ill. App. 321; *Harmon v. Starbody,* 219 Ill. App. 603.

In *Cormack v. Marshall, supra,* the court at page 523 says:

"We regard the rights of the parent as superior to those of any other person, when that parent is a fit person to have the custody of children and is so circumstanced that he can provide the necessaries of life and administer to the requirements of such a charge. The mere fact that some other person may have more money or property in any form is not one that appeals to us."

It is not contended in this case that the father was not morally fit or financially able to take care of his child. The most that was said against him was that he was not as affectionate and had not been as attentive to his child as the respondents felt he should have been.

The finding of the trial court in a trial without a jury, or of a chancellor in a proceeding where the witnesses are heard by him, will not be reversed unless the finding is manifestly contrary to the weight of the evidence. *Hoffman v. Hoffman,* 316 Ill. 204-214; *Burandt v. Burandt,* 318 Ill. 218-226; *Springer v. David Bradley Mfg. Co.,* 191 Ill. App. 45-59.

As the custody of a child was involved in this proceeding, we thought it not amiss for us to state our views of the case on the merits.

For the reasons above set forth, the writ of error will be dismissed, at the cost of the respondents, Charles F. Nagel and Margaret Nagel.

*Writ of error dismissed.*