The People of the State of Illinois ex rel. Russell Stockham, Plaintiff in Error, v. May P. Schaedel and Theodore B. Schaedel, Defendants in Error.

Gen. No. 32,731.

Opinion filed November 27, 1928.

GOOD, CHILDS, BOBB & WESCOTT, for plaintiff in error; WALTER E. BEEBE, of counsel.

JOHN WM. CHAPMAN, for defendants in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This writ seeks a review of action taken on a petition for a writ of habeas corpus. The writ was sued out by the relator, Russell Stockham, to recover custody of his two sons, John, aged 14, and George, aged 12, who, the petition alleges, are restrained of their liberty by their mother, May Schaedel, relator's former wife, and by her husband, Theodore B. Schaedel.

The children were produced in court, and by agreement in open court the answer was waived and the cause heard on such defenses as might properly be pleaded.

After the hearing the court awarded the custody of the children to their mother, holding that the court in the State of Ohio in which the parents were divorced, by a decree entered October 2, 1920, awarding the

custody of said children to their mother, had no jurisdiction when it entered a later order awarding their custody to the father, and if it did, it was for the children's best interests that they remain in her custody in accordance with their expressed desires.

Petitioner introduced a duly exemplified copy of the record of the Ohio court, held in Portsmouth, Scioto county. It discloses that a petition was filed by the wife, and an answer and cross-petition by the husband in April, 1920, and that by their pleadings each party charges the other with cruelty and asks for a divorce and the custody of the children; that on October 2, 1920, a decree was entered granting the divorce on the wife's petition and awarding her alimony and the custody of the children until the further order of the court, and the father possession and control of them at certain intervals of time, and continued the cause "for the purposes of any further orders relating to the custody and control and right to visit said children."

It also appears from said record that on the father's motion filed October 12, 1920, for modification of said decree or order, the custody of the children was transferred to him during its pendency, and that on November 4, 1920, the decree or order was modified whereby their care, custody and education and control were awarded to the father "until further order of court." The decree was again modified on April 16, 1921, by which the mother was to have the children at her residence in Portsmouth between certain hours on each Saturday.

Later, as the record discloses, another order was entered February 23, 1925, which divested her of certain property interests awarded her under the decree and reduced her alimony to $10 a week. The next and final order shown by the record was entered July 21, 1925, which relieves the father from obligation to make any further payment of alimony until further order of

court, the order reciting that the mother had violated the former order of court as to leaving the children in the custody of the father.

On inspection of the record of the Ohio court, on which petitioner relied as presenting a prima facie case, the trial judge expressed the view that because it did not show the grounds on which the order of October 2, 1920, was so modified, or that respondent May Schaedel had notice of the proceedings, the order of modification was void for want of jurisdiction. In this conclusion we cannot concur. The court had jurisdiction of both parties to render the decree of divorce and to award the custody of the children, and the order as to their custody was not final but "until further order of court." While the record is silent respecting notice of the subsequent proceedings modifying the decree, and the grounds therefor, such silence does not create the presumption that due notice was not given or that proper grounds for the modification were not presented and considered. As to such jurisdictional matters it is said in Freeman on Judgments, vol. 1, sec. 132: "The preponderance of the decisions upon this question supports the doctrine that 'it is a matter of no consequence whether the jurisdiction of the court affirmatively appears upon the judgment roll or not; for if it does not, it will be conclusively presumed.'" And as also there said: "It is a familiar principle that the judgment or decree of a court of general jurisdiction cannot be collaterally questioned, except for want of authority over the matter adjudicated upon." While the court improperly heard evidence touching the question of notice to the mother of the proceedings to modify the decree as to the custody of the children, and erroneously held that the Ohio court was without jurisdiction on the face of its record to modify its original decree, its order is in fact founded on what it deemed to be for the best interests of the children, which, as generally recognized, is the

paramount consideration and guiding principle when that question is properly before the court.

But it is urged by plaintiff in error that the orders of the Ohio court are *res adjudicata* of the father's right to their custody. It is true as to facts and conditions then before the court full faith and credit must be given to said decree. But it is generally held that as to facts and conditions arising subsequently, the foreign decree has no controlling force and is not binding upon the courts of other States. (See 15 R. C. L. § 417, p. 940; 9 R. C. L. § 293, p. 477.) "Such decrees are necessarily provisional and temporary in character, and are ordinarily not *res judicata,* either in the same court or that of a foreign jurisdiction, except as to the facts before the court at the time of the decree." (19 C. J. § 831, p. 366, and authorities there cited; *In re Alderman,* 157 N. C. 507, 73 S. E. 126, 39 L. R. A. [N. S.] 988; *Mylius v. Cargill,* 19 N. M. 278, 142 Pac. 918, L. R. A. 1915 B 154, see also the L. R. A. annotated notes to said cases.)

While the decisions are not altogether uniform on the question of extraterritorial jurisdiction in such cases, we think the preponderant view is expressed in the authorities cited.

The real question, therefore, is whether there was sufficient evidence of a change of conditions, since the rendition of the Ohio decree as modified, to warrant the court's order for a change of custody of the children. While the evidence here on that subject, so far as it affected their best interests, was somewhat meager, it was not refuted. The mother has remarried and become a resident of this State. The children are some seven or eight years older than when the decree was rendered, and at an age when a mother's influence in shaping their lives is most desirable. They earnestly desire to live with their mother. They are both at an age when under the laws of the State of Ohio "they must be allowed to choose for themselves

which parent they prefer to live with, unless the parent so selected, by reason of moral depravity, habitual drunkenness or incapacity be unfitted to take charge of such children, in which event the court shall determine their custodian.'' (Gen. Code of Ohio [1921], vol. 2, sec. 8033.) There was no evidence that tended to show the mother was in any way unfitted to take charge of the children, or unable to give them proper care and educational advantages. The evidence in fact tended to show the contrary. Their father has also remarried and the children testified that they were unhappy in their home surroundings with him and their stepmother. Their earnest desire to live with their mother and to get away from the unhappiness in the home of the father is evidenced by the fact that they stole away from the home of the latter without sufficient means for transportation to come hundreds of miles to be with their mother in Chicago. While there is nothing in the evidence to indicate that either parent is unfit to have custody of the children, yet had the same evidence heard in this case been presented before the Ohio court on an application for a change of custody, we think it would have been mandatory under the statute of that State for the court to have granted it in accordance with the children's expressed preference.

The relator did not appear personally in court, and no other evidence in support of the petition than the record of the Ohio court was offered. After the evidence was all heard his counsel requested the court to continue the case until he could come from Ohio and be heard. We do not think the court abused its discretion in refusing the request. Having applied for the writ and gone to trial he should have been prepared to present such evidence as was competent and to meet any defense that might properly be presented.

Nor can we say on the evidence adduced, the court's conclusion that it was for the best interests of the

children to live with their mother was not fully justified, especially in view of the strong desire they expressed to live with her. Their feelings in that regard are an element entitled to the most serious consideration. It is no disparagement to the love and interest of the father that the relationship between mother and child commands primary consideration. The children here are at an age when a mother's love, sympathy and influence are most potent and most needed. Other things being equal, the children's desire to be with their mother can hardly be overestimated and deserves special consideration in view of the mandatory provisions of the Ohio statute upon the subject. While it was not for the court of this State to enforce those provisions its order is in conformity with them.

As the petitioner invoked the jurisdiction of the court of this State, in which the mother is a resident, and the children had taken up their domicile with her and were produced before the court on the writ, thus bringing all parties within its jurisdiction, we see no valid reason why, in view of the grounds upon which the order was entered, the parties should be relegated back to the State of Ohio for a determination of the same question. We think therefore the judgment should be affirmed.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.