(No. 19454.—

THE PEOPLE *ex rel.* Russell Stockham, Plaintiff in Error, *vs.* MAY P. SCHAEDEL *et al.* Defendants in Error.

*Opinion filed October 25, 1930.*

GOOD, CHILDS, BOBB & WESCOTT, (WALTER E. BEEBE, of counsel,) for plaintiff in error.

GEORGE E. BILLETT, (ELMER M. LEESMAN, of counsel,) for defendants in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

On January 21, 1928, plaintiff in error, Russell Stockham, in the name of the People, filed his petition in the superior court of Cook county for a writ of *habeas corpus* to secure the custody of his two sons, John, aged fourteen, and George, aged twelve, from their mother, May P. Schaedel, who was plaintiff in error's former wife. Upon a hearing the court remanded the children to the custody of their mother. The judgment was affirmed by the Appellate Court for the First District, and the case comes to this court upon a writ of *certiorari*.

In 1920 all of the parties lived in Ohio. A certified copy of the record of the court of common pleas of Scioto county, Ohio, was admitted in evidence. It shows that the wife filed her petition for divorce against her husband on the ground of cruelty, praying for alimony, the custody of the children and the adjustment of certain property rights. A summons was served upon the husband. He filed his answer denying the charges in the petition. He filed a cross-petition for divorce on the ground of cruelty, praying for the custody of the children. On October 2, 1920, for reasons of public policy as stated in the decree, a decree of divorce was entered. The wife was awarded the custody of the children until the further order of the court, the husband was ordered to pay alimony, he was given the custody and control of the children at certain intervals, and the cause was continued for further orders relating to the custody and control of the children. On October 12, 1920, the father made a motion to modify the decree, and the custody of the children was given to him pending the motion. On November 4, 1920,

the decree was modified, awarding the custody of the children to the father until the further order of the court. On April 16, 1921, the decree was again modified, giving the mother the custody of the children at her residence during certain hours each Saturday. On May 23, 1925, another order was entered divesting the mother of certain property and reducing her alimony. On July 21, 1925, the father was relieved of paying further alimony until the further order of the court on the ground that the mother had violated the former order of the court with reference to leaving the children in the custody of the father.

The evidence shows that after the divorce the mother moved to Chicago, where she was married to Theodore B. Schaedel, with whom she is now living. He is employed at a salary of $3000 per year. In 1926 the father, who still lives in Ohio, was married. He is engaged in business and apparently is a man of some financial standing. The children lived with the father until just prior to the filing of the petition in this case, although on one occasion they were in Chicago and a *habeas corpus* proceeding was instituted to get possession of them. In September, 1927, the children left Ohio and went to Chicago. They did not have enough money to pay their railroad fares and they testified that the railroad employees let them ride without paying any fares. Upon arriving in Chicago they went to the home of their mother and later entered school. When the case was called for trial the father was not present, and he relied upon the provisions of the Ohio decree. The mother and the boys testified. The boys testified that, after their father married, their stepmother was not kind to them, that they did not want to live with her, that they preferred to live with their mother, and that they came to Chicago of their own free will and accord. The mother testified to the conditions of her home and the financial ability of herself and husband to take care of the children. The evidence of the mother and the children is uncontradicted.

It is insisted by plaintiff in error as grounds for reversal that a decree of a court of foreign jurisdiction awarding the custody of children to the husband or wife is binding upon a domestic court in the absence of changed circumstances; that the changed circumstances which justify a modification must be those which affect the welfare of the children by reason of the unfitness or inability of the person to whom the children were awarded to continue as the custodian of the children; that the mere statement by the children that they desire to live with another parent is not sufficient to justify changing their custody; that the Appellate Court in its decision overlooked the rule that the father is the natural guardian of his children and that the father's influence in preparing a boy for after life is likely to be more beneficial than that of the mother, and that the judgment of the Appellate Court is in violation of section 1 of article 4 of the constitution of the United States, in that it fails to give full faith and credit to the judicial proceedings of the State of Ohio.

In determining the question of the custody of children where the parents have been divorced it is uniformly held that the primary question for consideration is what is for the best interests of the child. (*Mahon* v. *People,* 218 Ill. 171; *Umlauf* v. *Umlauf,* 128 id. 378; *Hewitt* v. *Long,* 76 id. 399.) In 19 Corpus Juris, 366, with reference to foreign decrees for the custody of children, it is said: "Usually such decrees are necessarily provisional and temporary in character, and are ordinarily not *res judicata,* either in the same court or that of a foreign jurisdiction, except as to the facts before the court at the time of the decree. As to facts and conditions arising subsequently thereto they have no controlling force, and in case of the removal of the child to another State, even within the custody of the parent to whom that custody had been awarded by the foreign decree, the courts of such State will have the power, on a change of circumstances showing such

course essential to his best interests, to make a new disposition of the child." This rule is in accord with the following authorities: 9 R. C. L. 477; 15 id. 940; *In re Alderman,* 157 N. C. 507; *State* v. *Aldridge,* 163 Minn. 435; *Milner* v. *Gatlin,* 139 Ga. 109; *Kenner* v. *Kenner,* 139 Tenn. 211.

Our attention is called to *People* v. *Small,* 237 Ill. 169, and it is contended by plaintiff in error that a different rule is there announced. In that case it is said: "The decree, until modified, is conclusive as between the husband and wife and their representatives. Circumstances, if any exist, which might move the court to modify the decree cannot be considered in this proceeding but should be presented to the court by which that decree was rendered." There is nothing in the *Small case* which is in conflict with the rule first stated. In that case a decree of divorce was granted by the circuit court of Grundy county, Illinois, and the custody of the child was awarded to the mother. Subsequently the mother died and by her will appointed her mother as testamentary guardian of the child. The father, who lived in Chicago, filed a petition for a writ of *habeas corpus* in the circuit court of Grundy county to obtain the custody of the child. The writ was dismissed and the child was awarded to its grandmother. A foreign decree of divorce awarding the custody of the child was not involved. The decree of divorce and the *habeas corpus* writ were before the same court, and this court held that under those circumstances the court awarding the child should make the change in the award if one was necessary for the best interests of the child.

The decree of the Ohio court awarded the children in this case to the father until the further order of the court. In the absence of any showing to the contrary it will be presumed that the law of Ohio is the same as the law of this State touching the custody of children in divorce proceedings. After a divorce decree in this State the custody

of the children is always subject to the order of the court which enters the decree and may be changed from time to time as the best interests of the children demand. The decree rendered was *res judicata* as to the facts which existed at the time it was entered but it was not *res judicata* as to facts and circumstances arising thereafter, and in subsequent *habeas corpus* proceedings the court had the right to take later facts into consideration. The question is whether the additional facts were sufficient to justify the court in remanding the children to the custody of their mother. There is nothing in the evidence to show but that both of these parents are proper and fit persons to have the custody of these children and that both have comfortable homes. The father is in a little better financial condition than the mother, but that consideration, alone, is not sufficient to justify an order in his favor. At the time the order was entered one of the boys was four years old and the other six. They were twelve and fourteen when the petition in this case was filed and are now fourteen and sixteen. Their father married in 1926 and the boys lived with their stepmother for about a year. They testified to facts and circumstances which made it unpleasant for them to live with her and for that reason they sought to live with their mother. Section 8033 of the general code of the State of Ohio provides that if the children be ten years of age or more they must be allowed to choose which parent they prefer to live with, unless the parent so selected, by reason of moral depravity, habitual drunkenness or incompatibility, be unfit to take charge of such children, in which event the court shall determine their custody. It also provides that this section shall apply to proceedings for modification of the former orders of the court fixing custody as in original actions. The statute of our State provides that a child over fourteen years of age may choose its own guardian.

Under the evidence in this case and the law applicable thereto we are of the opinion that the conditions were so

changed after the decree of divorce was entered that the trial court properly remanded the children to the custody of their mother.

The judgment is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*