People of State of Illinois ex rel. Paul Pauling, Re-
lator-Plaintiff in Error, v. E. J. Uffelman, Super-
intendent, Illinois Security Hospital, Chester,
Illinois, Respondent-Defendant in Error.

Gen. No. 46,780.

First District, Third Division.
March 21, 1956.
Released for publication April 19, 1956.

Marcus Wexman, of Chicago, for relator-plaintiff in
error; Paul Thurlow, Richard L. Mandel, and Henry
W. Lehmann, all of Chicago, of counsel.

Latham Castle, Attorney General of State of Illi-
nois, of Chicago, for respondent-defendant in error;
William C. Wines, Assistant Attorney General, of
Chicago, of counsel.

JUDGE FEINBERG delivered the opinion of the
court.

Relator sued out a writ of habeas corpus to secure
his discharge from confinement in the Illinois Security
Hospital. Upon the hearing of the petition without a
jury, evidence was taken, resulting in an order deny-
ing the writ and remanding relator, from which order
relator prosecutes this writ of error.

Respondent moved in this court to dismiss the writ of error on the ground that the order is not reviewable. The motion was taken with the case.

Relator was indicted in the Criminal Court of Cook County, charged with a felony, and the defense of insanity at the time of the commission of the crime was sustained by the jury, which returned a verdict of not guilty. Upon the verdict of the jury, which also found him insane, the court committed him to the Illinois Security Hospital. This petition for habeas corpus alleged that relator had fully recovered his sanity and was being illegally detained.

We are confronted at the outset with the question whether the order is reviewable upon this writ of error.

. A number of decisions of the Supreme Court, holding that such an order is not reviewable either by writ of error or appeal, are cited in People v. Siman, 284 Ill. 28, 30, where it was said:

"It is now the well established doctrine of this court that no writ of error lies to review the order or judgment of a court or judge in a habeas corpus proceeding for the discharge of a prisoner in a criminal case, as the order or judgment in such a proceeding is not a final order or judgment, and that such an order or judgment cannot be pleaded as a bar to another such proceeding. No appeal from such an order or judgment has been granted by any statute in this State, and consequently no appeal is permissible from such an order or judgment. The reasons for the adoption of such holding have been so fully discussed and so frequently decided by this court as to require no further discussion or comment thereon in this case. Hammond v. People, 32 Ill. 446; Ex parte Thompson, 93 Ill. 89; Cormack v. Marshall, 211 Ill. 519; People v. McAnally, 221 Ill. 66."

413

We have found no later case departing from the above holding.

Habeas corpus cases involving child custody seem to be an exception to the rule, such as People v. Schaedel, 250 Ill. App. 409, affirmed 340 Ill. 560; People v. Cole, 322 Ill. 95; Mahon v. People, 218 Ill. 171, and People ex rel. Hirsch v. Nagel, 243 Ill. App. 490.

Our Habeas Corpus statute (Ill. Rev. Stat., 1953, Ch. 65) makes no provision for either writ of error or appeal from an order like the instant one. The legislature did provide for review in habeas corpus proceedings by writ of error or appeal in extradition hearings under Ch. 60, § 2, Ill. Rev. Stat., 1953, and also provided, in cases of persons not charged with crime, for appeals to the Appellate Court under the Mental Health Act, Ch. 91½, § 2—4 [Ill. Rev. Stats., 1953] from an order refusing discharge of one committed to a State hospital, as in civil proceedings. It is manifest the intention of the legislature, by excluding such right of appeal or writ of error under the Habeas Corpus Act, was not to interfere with the rule of decision of our Supreme Court in the cases cited, holding such orders in habeas corpus not reviewable when arising out of criminal prosecutions.

We are impelled to hold that the instant order is not reviewable, and hence the writ of error is dismissed.

Writ of error dismissed.

KILEY, J., concurs.

LEWE, P. J., took no part.