· (No. 25386.—

Sam Ingalls, Appellee, *vs.* John Raklios, Appellant.

*Opinion filed February 21, 1940—Rehearing denied April 3, 1940.*

Farthing, J., dissenting.

John H. Lyle, and Seyfarth & Atwood, for appellant.

Sidney J. and Arthur Wolf, (Sidney J. Wolf, of counsel,) for appellee.

Mr. Justice Murphy delivered the opinion of the court:

A *capias ad satisfaciendum* issued out of the municipal court of Chicago against appellant based upon a judgment in tort entered in said court June 22, 1938, in favor of appellee and against appellant. Appellant's motion to quash the writ was overruled and he appealed to the Appellate Court where the order was affirmed. Leave to appeal having been granted the case is here for further review.

The statement of claim alleged appellee had delivered to appellant $2500 to be used in the purchase of certain restaurant equipment which was to be sold at bankruptcy sale. The money was to be used only in event appellant purchased all the property. It was alleged appellant failed to purchase all the property and appellee demanded the return of the money; that appellant failed to return, except as to $500,

and that as to the remaining $2000 appellant "willfully, maliciously and unlawfully converted the same to his own use." Appellant defaulted and a hearing was had before the court without a jury and judgment rendered for appellee. The pertinent parts of the judgment are "Court makes special finding of malice. Now comes the plaintiff in this cause, the defendant being absent * * * and the cause comes on in regular course for trial before the court without a jury and the court having heard the evidence * * * enters the following finding: The court finds the defendant, John Raklios, guilty as charged in plaintiff's statement of claim and assesses the plaintiff's damages at the sum of $2000 in tort." Then follows the judgment order with the direction for a general execution and "malice body execution to issue."

Appellant contends the only authority for the issuance of the *capias ad satisfaciendum* is section 5 of the Judgments act (Ill. Rev. Stat. 1939, chap. 77, par. 5) which provides, "No execution shall issue against the body of the defendant except when the judgment shall have been obtained for a tort committed by such defendant and it shall appear from a special finding of the jury, or from a special finding by the court, if the case is tried by the court without a jury, that malice is the gist of the action," etc., and that the judgment in this case does not meet the statutory requirements, in that there is no special finding by the court that malice was the gist of the action.

Section 5 was amended in 1935, the part added being the provision that it shall appear in the judgment, by special finding of the court or jury as the case may be, that malice was the gist of the action. Prior to the amendment, the issuance of a writ was not dependent upon a finding or reference to malice in the judgment, but if the action was in tort, the clerk, upon application issued the writ. (*People v. Walker,* 286 Ill. 541; *Kellar, Ettinger & Fink* v.

*Norton,* 228 id. 356.) When the debtor made application to be released under the Insolvent Debtors act, an issue was raised as to whether malice was the gist of the action. In determining that question the court referred to the pleadings, and if the allegations showed malice was the gist of the action the doctrine of *res judicata* applied and the issuance of the writ sustained. *Jernberg* v. *Mix,* 199 Ill. 254.

Under section 5, as amended, the clerk of the court is not authorized to issue an execution against the body of the defendant, unless the judgment shows that it was entered upon an action for a tort committed by the defendant and that the judgment contains a special finding of the jury or the court (if the case is tried without a jury) that malice was the gist of the action. If a defendant against whom a writ was issued desires to challenge the sufficiency of the judgment as regards the question of the findings of malice, his remedy is to apply to the court entering the judgment to quash the writ. The provisions requiring that before an execution for the body of the defendant shall issue the judgment shall show that the judgment was obtained for a tort committed by the defendant and that malice was the gist of the action, are mandatory, and if such findings do not appear on the face of the judgment, the clerk is without authority to issue the writ. The duty imposed by statute upon the clerk to issue the writ is a ministerial act and he is not permitted to refer to the pleadings to determine whether malice was the gist of the action for the determination of such question is a judicial act. A complaint which states a cause of action having malice as the gist, does not authorize the clerk to issue the writ, unless the judgment contains the essential elements prescribed by statute.

The remaining question leads to a consideration of statements contained in the judgment. In *First Nat. Bank* v. *Burkett,* 101 Ill. 391, where the court in considering

a case of this character said that "the term 'malice' in this form of action is not to be considered in the sense of spite or hatred against an individual but of *malus animus* and as denoting that the party is actuated by improper and indirect motives," and in considering whether malice was the gist of the action it was stated: "The gist is defined to be the cause for which an action will lie—the ground or foundation of a suit, without which it will not be maintainable—the essential ground or object of a suit, and without which there is not a cause of action." From these definitions it is apparent that a defendant could be actuated by malice in committing a tort against the plaintiff and yet malice not be the gist of the action. The statement in the judgment that the court makes a special finding of malice is not the equivalent of a finding that malice was the gist of the action upon which judgment was entered.

The statement in the judgment that the court found the defendant guilty as charged in plaintiff's claim does not permit a reference to the complaint to determine whether the allegations of fact alleged therein made malice the gist of the action. As pointed out, if such reference was permitted it would authorize the clerk issuing the writ to construe the pleadings in determining the legal effect to be given and thus exercise a judicial act.

The judgment in this case does not meet the requirements of the statute and the writ of *capias ad satisfaciendum* was wrongfully issued.

The orders of the Appellate Court and municipal court are reversed.

*Orders reversed.*

Mr. JUSTICE FARTHING, dissenting.