(No. 25547.— )
MARIE SAUTER *et al.* Appellees, *vs.* FRANCES PICKRUM *et al.*
Appellants.

*Opinion filed April 17, 1940.*

M. ROBERT STURMAN, and EMANUEL MORRIS, for appellants.

REPLOGLE & TOFT, (GAYLORD A. TOFT, of counsel,) for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county, denying approval of a master's report of sale in a partition proceeding. The case is presented on the decree of partition, report of commissioners finding the property indivisible and fixing the value, order of sale, master's report of sale, and order denying approval of the report.

The real estate involved consisted of nine tracts and is referred to in the record as parcels 1 to 9, inclusive. The parties interested as tenants in common were Maurice Sauter, Edward J. Sauter, and Joseph C. Degnan, as trustee under a certain trust agreement, and their respective interests were fixed by the decree. The decree of sale directed the master to sell at public vendue to the highest and best bidder, fifteen per cent of the sale price to be paid in cash or by certified check on date of sale, balance in thirty days thereafter. The decree directed that it be sold to the highest and best bidder "provided the said bid upon each piece or parcel shall be equal to at least two-thirds of the valuation put upon the same as shown by the report of the commissioners, or other pieces which at the same time sell for enough to make the total amount of the payment equal to two-thirds of the valuation." The decree prescribed the form of notice and no question is raised that notice of sale was not duly given.

The master reported that he first offered the several parcels *en masse,* then in combinations of two or more, and received no bids. The several parcels were then offered separately and Joseph C. Degnan was the highest and best bidder for parcels 1, 5, 6 and 7 and Mae Epstein was the high bidder for parcel 4. No bids were received for parcels 2, 3, 8 and 9. It appears from the report that after the bids had been made by Degnan and Epstein and accepted by the master, Edward Sauter, one of the parties in interest, requested the master to reoffer parcels 1, 4, 5, 6 and 7 *en masse,* and said he would make a bid for the group. One of the attorneys appearing of record for a cross-plaintiff objected to the reoffer. The master reports he heard arguments of all persons interested who desired to be heard and then announced he would receive Sauter's bid for parcels 1, 4, 5, 6 and 7 and report it to the court. Sauter then bid for said parcels $64,000, which was $500 more than the aggregate of the bids made by Degnan and Epstein. The master reports "several hours thereafter" the attorney

for Degnan raised the bid he had previously made for parcels 1, 5, 6 and 7, $500. The Epstein bid for parcel 4 was not increased. The total of the Epstein bid and the increased bid of Degnan was $64,000, the same as Sauter's bid. The master recommended that Degnan's increased bid for parcels 1, 5, 6 and 7, and the Epstein bid for parcel 4, be approved.

The court, of its own motion, refused to approve the report of sale and ordered a resale of all the parcels. The order recites: "It appearing to the court that subsequent to the master's sale certain bidders expressed a desire to have the premises resold in order that they might submit higher and better bids for the premises involved herein."

Joseph C. Degnan, individually, and as trustee, Frances Pickrum and Isabelle Degnan filed a notice of appeal. Mae Epstein joined in the appeal as co-appellant. Marie Sauter, who was plaintiff in the action, and Edward J. Sauter, a defendant and interested as a bidder at the sale, have filed a brief and are referred to as appellees.

Appellees moved to dismiss the appeal as to appellant Mae Epstein. She was not a party to the suit and became interested through her bid on parcel 4. The question is raised on the failure to give appellees notice of her joining in the appeal. The view taken on the merits makes it unnecessary to pass on appellees' motion to dismiss.

If there was any evidence heard by the court to support the finding that subsequent to the master's sale certain bidders expressed a desire to submit higher and better bids, the same is not in the transcript. Under paragraph 3 of section 64 of the Civil Practice act, (Ill. Rev. Stat. 1939, chap. 110, par. 188,) it is not necessary that a decree in equity be supported by finding of fact or certificate of evidence. On appeal, a finding of fact in a decree is presumed to be supported by evidence, and any one who attacks such a finding has the burden of preserving the evidence. It follows that it must be presumed the court heard sufficient

evidence to support the statement in the decree that on another sale certain persons would submit higher and better bids than those received on the first sale.

Section 27 of the Partition act (Ill. Rev. Stat. 1939, chap. 106, par. 27) provides that no piece or parcel of the premises shall be sold unless it shall bring at least two-thirds the appraised value, unless the other pieces at the same time sell for enough to make the total amount of the sales equal to two-thirds the total amount of the appraised value. The decree in this case followed the statute. The total appraised value of all the parcels was $147,400, and, since the total sale price reported by the master amounted to only $64,000, the sale was for less than two-thirds of the total appraised value. It is obvious there was no sale under that provision of the statute which permitted a sale if the parcels sold should sell for enough to make the total sale price equal to two-thirds of the total appraised value. It would follow, then, that to make a sale of any parcel it must sell for at least two-thirds of its appraised value. Parcels 4 and 7 did not sell for at least two-thirds of their respective appraisements. Of the nine parcels offered for sale, the sale of parcels 1, 5 and 6 are involved.

In *Straus* v. *Anderson,* 366 Ill. 426, it was said: "The setting aside of an executed sale is one character of proceeding. The opposition to the approval of a purported sale requiring the confirmation of the court for its validity and finality falls into a different classification." In the instant case the sale falls in the latter classification.

A sale by a master in chancery is not, in a legal sense, a sale until confirmed by the court. The highest bidder whose bid has been returned to the court as the best offer acquires no interest in or right to the land until the sale is confirmed by the court. Confirmation is final consent, and the court, being in fact the vendor, is allowed a broad discretion in accepting or rejecting the bid. In the absence of abuse this

discretion will not be interfered with by a court of review. *Straus* v. *Anderson, supra; Miller* v. *Miller,* 332 Ill. 177.

Due to the irregularities in the acceptance of bids and the conduct of the sale and the fact that the court found that others would bid more on a resale, we conclude the chancellor did not abuse his discretion in refusing to approve the master's report of sale.

The decree of the circuit court is correct, and is affirmed.

*Decree affirmed.*