(No. 25986.— ▮▮▮▮▮▮)

NICHOLS PEIFFER *et al. vs.* WILLIAM FRENCH, Appellee.—
(ETHEL PEIFFER, Appellant.)

*Opinion filed April 15, 1941.*

FARTHING, J., dissenting.
WILSON, J., specially concurring.

OWENS & OWENS, for appellant.

ASHCRAFT & ASHCRAFT, (CHARLES H. G. KIMBALL, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

The circuit court of Cook county quashed a writ of *capias ad satisfaciendum* issued on application of plaintiffs who had previously obtained judgments for personal injuries against the appellee. The Appellate Court for the First District affirmed the action of the circuit court on the ground that the original judgment did not contain a finding that malice was the gist of the action as required by section 5 of the Judgments act, as amended. (Ill. Rev.

Stat. 1939, chap. 77, par. 5.) The cause is before us by appeal on leave to appeal granted.

On April 21, 1938, judgments in the amount of $10,625 and $400, respectively, were entered in favor of plaintiffs for personal injuries sustained by them in an automobile collision. The jury also made a special finding that the conduct of the defendant in the operation of his automobile was of such reckless character as to amount to wilful and wanton misconduct. A writ of *capias ad satisfaciendum* was issued September 2, 1938, and the appellee was committed to jail September 19, 1938. On that day, plaintiffs advanced $4 to the sheriff in compliance with section 30 of the Insolvent Debtors act (Ill. Rev. Stat. 1939, chap. 72, par. 29) which requires that the creditor must pay the keeper of the jail or the sheriff, fees for receiving the person committed and board for one week. On Saturday, September 24, 1938, an attempt was made by the plaintiffs to pay $3.50 to the sheriff for the following week's board, but it was refused, being considered by the sheriff to be premature. On Tuesday, September 27, 1938, the $3.50 was tendered and was accepted by the sheriff for the second week's board of appellee. A writ of *habeas corpus* was issued September 29, 1938, and on October 10 of the same year, an order was entered discharging the appellee because of the plaintiff's failure to advance the board at the commencement of the week as required by the above statute.

Subsequently, on December 6, 1938, an *alias* writ of *capias ad satisfaciendum* was issued by the clerk of the circuit court on the request of plaintiffs and this writ was quashed on motion of appellee on February 9, 1939, which was the order affirmed by the Appellate Court.

Appellant contends that section 5 of the Judgments act (Ill. Rev. Stat. 1939, chap. 77, par. 5) does not require a special finding that malice is the gist of the action. The act provides that no execution shall issue against the body

of the defendant except when the judgment shall have been obtained for a tort committed by the defendant, and it shall appear from a special finding of the jury or from a special finding by the court, if the case is tried by the court without a jury, that malice is the gist of the action. This court held in *Ingalls* v. *Raklios,* 373 Ill. 404, that to comply with the statute, the judgment must contain a finding that malice is the gist of the action and that that finding must appear on the face of the judgment. A *capias ad satisfaciendum* is not lawful unless the court, if the case is tried without a jury, includes in its judgment a special finding that malice is the gist of the action. In a case submitted to a jury the jury must make a special finding of facts from which it shall appear that malice was the gist of the action. In such a case the judgment must include a special finding that malice was the gist of the action. The judgment in this case did not include a special finding that malice was the gist of the action. We pointed out in the *Raklios case, supra,* that a defendant might even be actuated by malice in the commission of a tort, and yet that malice not be the gist of the action. The same is true of recklessness or other misconduct. Laws in derogation of the liberty of a citizen must be strictly construed, and to justify any imprisonment for tort, which is contrary to the general tendency of our times, statutory requirements must be meticulously observed. In this case, the statutory requirement was not complied with and no writ of *capias ad satisfaciendum* should have been issued.

The order of October 10, 1938, in the *habeas corpus* proceeding, whereby defendant was discharged from custody, was not an appealable order and ended appellee's liability to imprisonment. Appellant argues that the failure to advance board for the appellee at the precisely correct time was a mere non-observance of a form of law, and, by such argument, attempts to justify the issuance of an *alias* writ. It is rather obvious that if *alias* and successive writs of

*capias ad satisfaciendum* were permitted it would be within the power of a creditor unconscionably to harass his debtor by the mere expedient of failing to pay board, followed by release of the debtor, to be followed by a new imprisonment on an *alias* writ at the most inconvenient time the creditor could pick for that purpose, and so on, *ad infinitum.* No such construction of any existing law can be tolerated.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WILSON, specially concurring: I agree with the result reached in this opinion but not with the reasoning thereof.

Mr. JUSTICE FARTHING, dissenting:

The majority of this court has, by its opinion, added to the words of the statute "and it shall appear from a special finding of the jury, or from a special finding by the court, if the case is tried by the court without a jury, that malice is the gist of the action," in effect, the following: "And this same finding that malice is the gist of the action must be included in the judgment in the former case as well as in the latter." The case of *Ingalls* v. *Raklios,* 373 Ill. 404, was tried by the court without a jury. We dealt only with the sufficiency of the finding in the judgment, and held that "finding of malice; body execution to issue," did not meet the requirements of the statute. As the statute stands, the jury is given the judicial power to determine by a special finding that malice is the gist of the action, which finding must be included in its verdict. Nothing is said about any finding in a judgment that malice is the gist of the action where the case has been tried before the court and a jury. The *Raklios case* did not discuss the situation presented here. This is a partial and imperfect amendment by judicial action. How are lawyers and trial courts to know what kind of a special finding in

a verdict and what facts coupled with what reference to the complaint, which certainly must contain the statement of a cause of action which has malice as its gist, would comply with the requirements of the statute and this decision? The plain words of the statute, without any construction, mean that the jury by a special finding in its verdict must say that malice is the gist of the action, and that if the case is tried without a jury the judgment entered must contain such a special finding. Where the meaning of a statute is plain, as is the case here, there is no room for construction. The effect of this opinion is to make the invalid provision valid by the requirement that the judgment in a case tried by a court and jury shall contain the special finding that malice is the gist of the action. No suggestion is made as to how the court can tell that the jury has found facts which disclose that malice is the gist of the action without the jury being required so to find in accordance with the plain meaning of the words of the statute.

This court has held that the constitutional provision that no person shall be imprisoned for debt (section 12, article 2) has no reference to judgments for torts, but applies only to contractual debts. (*People* v. *Walker,* 286 Ill. 541; *Petition of Blacklidge,* 359 id. 482; *Cox* v. *Rice,* 375 id. 357.) For this reason the following taken from the majority opinion is not only inaccurate but misleading: "Laws in derogation of the liberty of a citizen must be strictly construed, and to justify an imprisonment for tort, which is contrary to the general tendency of our times, statutory requirements must be meticulously observed."

For these reasons, I dissent.