Dunwoody and Company, Appellee, v. J. S. Washington and Ida Davis, Defendants.
Appeal by J. S. Washington, Appellant

Gen. No. 41,962.

Heard in the first division of this court for the first district at the October term, 1941. Opinion filed June 1, 1942.

GEORGE B. HOLMES, of Chicago, for appellant.

C. JEROME BISESI, of Chicago, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Defendant J. S. Washington appeals from that portion of a judgment entered in the above entitled cause which ordered the issuance of a *capias* against him.

The action was originally against Ida Davis, alone, upon a promissory note, and judgment was rendered against her by confession on February 15, 1940; sub-

sequently, January 10, 1941, on motion of plaintiff this judgment was vacated and leave was granted to change the form of action from contract to tort and to make J. S. Washington an additional party defendant.

March 22, 1941 an amended statement of claim was filed; May 29 an order was entered finding Washington in default and the case was set down for trial on the same day before a jury, which, in answer to an interrogatory as to whether malice was the gist of the action, returned an answer, irregular in form, but which might be construed as in the affirmative. On the same day the court entered an order that plaintiff have judgment on the verdict and recover from defendant Washington damages of $560, and concludes, " . . . and that execution issue therefor, and that body execution issue against defendant." Motion to vacate the judgment was denied and defendant Washington appeals from that part of the judgment ordering body execution against him.

There are at least two reasons why this appeal must prevail. In plaintiff's statement of claim there is no prayer for a writ of capias. In *Kryl v. Zelezny*, 290 Ill. App. 599 (Abst.), the judgment was reversed for the reason that the complaint did not ask for a finding that malice was the gist of the action, and therefore the court was without jurisdiction to enter such an order.

The other reason is that in *Ingalls v. Raklios*, 373 Ill. 404, our Supreme Court held that before an execution for the body of the defendant shall issue, the judgment must show on its face that malice was the gist of the action. The instant judgment fails to show this.

While the appeal was pending in this court and the record and defendant's brief filed, plaintiff on November 12, 1941 secured from the trial court an order purporting to amend, *nunc pro tunc*, the judgment entered May 29, 1941 by inserting a finding that "malice is

the gist of the action.'' This order is void for many reasons—principally because when the appeal to this court was perfected, any further proceedings by the trial court were barred. *Hohenadel v. Steele*, 237 Ill. 229.

That part of the judgment of May 29, 1941 which ordered that body execution issue against the defendant, is reversed.

*Reversed in part.*

MATCHETT and O'CONNOR, JJ., concur.