Sam Ingalls, Appellant, v. John Raklios, Appellee.

Gen. No. 42,243.

Opinion filed March 10, 1943.

SIDNEY J. & ARTHUR WOLF, of Chicago, for appellant.

JOHN H. LYLE, of Chicago, for appellee; EDWARD T. HAVEY, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff from an order entered by the trial court denying plaintiff's motion to amend and correct the judgment entered by the court.

In the original judgment the court, without a jury, made a special finding of malice, entered judgment in tort against the defendant for the sum of $2,000 and ordered a malice body execution to issue. Thereafter, in pursuance of a notice served upon the defendant, the plaintiff filed a verified petition to which the defendant filed a verified answer.

Upon hearing the trial court denied plaintiff's motion to amend and correct the judgment, and, as we have indicated, the plaintiff appeals from the order entered by the trial court upon plaintiff's motion.

The plaintiff's theory is that the written records of the trial court, consisting of the clerk's minutes and the findings and orders entered on the half sheets of the municipal court of Chicago show that the court found that malice was the gist of the action and that the clerk erred in transcribing the judgment; that the lower court erred in denying plaintiff's motion to amend the judgment because the written records prove that the judgment order was not properly transcribed.

The defendant's theory, however, is that the lower court has no jurisdiction to amend the judgment order after 30 days had elapsed following the entry of the original judgment.

In plaintiff's petition it is alleged that on June 22, 1938 he recovered a judgment against the defendant for $2,000 and costs based upon a tort committed by the defendant; that the trial court made a special finding that malice was the gist of the action and that a memorandum of that finding was recorded in the clerk's minute book; that the judgment was erroneously transcribed by the clerk and should be corrected to reflect the finding.

Defendant's answer denies that the trial court made a special finding that malice was the gist of the action and denies that a memorandum of such finding was recorded in the clerk's minute book; denies that the judgment was erroneously transcribed or should be changed; avers that plaintiff's action is for nonpayment of money evidenced by promissory note.

Defendant avers that said judgment should not thus be changed because, (1) There is no memorandum in the court's records authorizing or supporting such charge; (2) this is not a tort action, and malice is not the gist of the action; and (3) plaintiff is guilty of laches.

The statement of claim that was filed by the plaintiff on June 2, 1938 alleges that plaintiff delivered $2,500 to defendant to be returned if not used as agreed, and that defendant returned $500 but refused to return the balance and "thereby wilfully, maliciously and unlawfully converted the said $2,000 to his own use." The statement of claim did not allege that malice was the gist of the plaintiff's action.

It appears from the record that defendant defaulted and that judgment was entered on June 22, 1938 finding the defendant guilty as charged and making a special finding of malice and reciting that a malice body execution was to issue, among other things. The judgment did not recite a finding that malice was the gist of the action. Only two notations or memoranda are found in the record of the clerk's entries in the min-

ute book and on the half sheet. The only reference to malice in the minute book entry is "& C Malice." The relevant portion of the half sheet entry is "Ct. makes spec. fndg of malice . . . fndg deft John Raklios G as chg in S of C—Mal body X to issue." The judgment conforms to these notations, except that it is not abbreviated.

It appears from the facts set forth in this record that almost three years afterwards, and almost two years after defendant was discharged from a body execution issued herein, and more than one year after the Supreme Court held that said judgment would not support a *capias* (373 Ill. 404), plaintiff filed his petition alleging that his action was based upon a tort, that the court made a special finding that malice was the gist of the action, that the clerk's entries recited such a finding, and that the judgment should be corrected.

Defendant filed an answer denying the above allegations. He averred that the action was for defendant's nonpayment of money which he had promised to repay and for which he had signed and delivered a promissory note. The answer sets up the clerk's notation in the minute book and half sheet and avers that there was no memorandum or notation reciting that the trial court made a special finding that malice was the gist of the action, and therefore the court now had no power to change the judgment. The answer also alleged that plaintiff was guilty of laches. The plaintiff filed no reply to the defendant's answer and it stands as admitted. This fact was called to the attention of court and counsel, and dispensed with the necessity of defendant offering proof.

After the trial and extended argument, Judge PADDEN held that he could not find that the trial court made a special finding that malice was the gist of the action, as he had no record to base such finding upon, without wrenching the words out of all meaning, since a finding

of malice is not the equivalent of a finding that malice is the gist of the action (citing *Ingalls v. Raklios,* 373 Ill. 404). The court also said it was probably true that this is not a tort action at all but a contract case. However, the court made no finding upon this question and did not pass upon the question of plaintiff's laches.

On October 6, 1941, plaintiff's motion to change the judgment was denied.

From the facts offered by the plaintiff it appears that on June 22, 1938 judgment was entered against the defendant in tort. It further appears, as suggested by the plaintiff, that the judgment in said cause was as follows:

"Court makes special finding of malice.

"Now comes the plaintiff in this cause, the defendant being absent and not represented, and thereupon this cause comes on in regular course for trial before the court without a jury, and the court having heard the evidence and the arguments of counsel and being fully advised in the premises, enters the following finding, to-wit:

" 'The Court finds the defendant, John Raklios, guilty as charged in plaintiff's statement of claim and assesses the plaintiff's damages at the sum of Two Thousand and oo/100 Dollars ($2,000.00) in tort.' "

On August 11, 1938, the motion of defendant to quash the malice body execution was overruled. Thereupon, defendant appealed to the Appellate Court of Illinois, first district, which court affirmed the order entered by the trial court. It appears that the Supreme Court of Illinois granted the defendant leave to appeal, and reversed the judgment of the Appellate Court and of the trial court on the grounds that the judgment order failed to find that malice was the gist of the action. Thereupon, the plaintiff filed a verified petition in the trial court and alleged in said petition that the memoranda prepared by the clerk at the conclusion of the trial showed that the court found that

malice was the gist of the action, and the petition prayed that the judgment be amended and corrected to reflect the true and correct judgment entered by the court. The defendant filed a verified answer to the petition, and upon hearing of the petition and answer, the plaintiff read into the record the minutes entered by the clerk at the conclusion of the trial on June 22, 1938, which read as follows:

"Case No. 2781844, *Ingalls v. Raklios*: 'J 2,000 and C, malice.'"

The half sheet of the municipal court was received in evidence and shows that the following orders were entered:

"June 15, 1938. Defendant, John Raklios, defaulted personal service.

"June 22, 1938. Court makes special finding of malice. Trial *ex parte* by court finding defendant, John Raklios, guilty as charged in statement of claim, damages Two Thousand Dollars in tort. Judgment on finding versus defendant, John Raklios, Two Thousand Dollars. Malice body execution to issue."

It also appears from the stipulation of the attorneys for plaintiff and defendant that the entries in the minute book and on the half sheet were made by the clerk in the regular course of his duties.

At the conclusion of the hearing, the lower court denied plaintiff's motion to amend and correct the original judgment. Plaintiff contends that the trial court has the power to amend the judgment after 30 days had elapsed, where some minutes or records were preserved by the court, and points to the fact that the clerk's minutes and also the half sheet of the municipal court which was received in evidence clearly show that the trial court found that malice was the gist of the action, and cites in support of the suggestion the case of *Krautseider v. Miley*, 311 Ill. App. 242. We have quoted the syllabus, which is in words as follows:

"Where original judgment order noted 'special finding of malice and malice body execution to issue,'

court had power after 30 days to correct judgment to read that court found malice to be the gist of the tort action and ordering body execution to issue, as the mistake was due to the entry by the clerk, and memoranda identified by the clerk showed that such amendment was proper.''

Plaintiff also calls our attention to a case entitled *Mazor v. Handler,* 208 Ill. App. 312, which holds that the municipal court of Chicago has power to correct, on motion, an error of the clerk in entering a judgment on its records even though 30 days had elapsed between the date the judgment was entered and the date of the motion; and further calls attention to *Gebhard v. Brewers Malting Co.,* 185 Ill. App. 254, syl. 6, which reads:

''Where a judgment order on a default judgment recites the assessment of plaintiff's damages at the sum of 'Seventeen Hundred and Thirty Dollars and Sixty Cents,' and in another portion of the order judgment is rendered for plaintiff for 'Seventeen Hundred and Thirty and Sixty Cents in form as aforesaid by the court assessed' while in the part of the order referring to a conditional judgment against the garnishees the word 'dollars' appeared in the amount specified followed by: 'being the amount of the judgment heretofore entered herein against the defendant,' it was held that the order itself furnished a sufficient basis for an amendment inserting the word 'dollars' in the amount named in the clause reciting the rendition of judgment.''

The answer of the defendant to the contention that is offered by the plaintiff is that it is elementary that a trial court loses all power to change or amend its judgment after 30 days from the entry thereof, except as to form and except pursuant to some note, memorandum or memorial remaining in the files or upon the records of the court. The change cannot rest upon testimony, affidavits, or recollection of the judge. *People v. City of Chicago,* 363 Ill. 409; *McCord v. Briggs &*

*Turivas,* 338 Ill. 158. The rule is stated in the *People's* case above quoted, as follows:

"After the term at which a judgment has been rendered has passed, the court cannot at a subsequent term amend the judgment, except as to matters of form, and after notice to the opposite party. The amendment must be made from some note, memorandum or memorial paper remaining in the files or upon the records of the court. It cannot rest in the recollection either of the judge or of other persons; nor can it be based upon *ex parte* affidavits or testimony. (*People v. Psi Upsilon Fraternity,* 320 Ill. 326; *People v. Weinstein,* 298 id. 264; *People v. Petit,* 266 id. 628; *Mack v. Polecat Drainage District,* 216 id. 56.)"

It is further suggested that there are two requisites necessary to the changing of the judgment in this action, which was entered almost three years before plaintiff's motion to correct was filed. There must be some memorandum or notation in the files or records reciting the making of a special finding by the trial court that malice is the gist of the action and, second, the amendment must be one of form only, and our attention is called by the defendant to the ruling of Judge PADDEN, in which he held that there was no note or memorandum in the record reciting that the trial judge made a special finding that malice was the gist of the action, from which he could find that such a finding had been made and upon which he could order the requested change in the judgment. Attention is also called to the two memorials that were introduced in evidence and relied upon by plaintiff. The first was the clerk's entry in this minute book and the other was the entry upon the half sheet; and our attention is directed to the only relevant portion of the minute book entry as "& C malice," saying "We are unable to decipher this entry, and the clerk was not called to explain it. Perhaps it means 'see malice', or 'count malice' or 'charge malice', or something else. But what-

ever its significance, it is not a recital that the trial judge made a finding that malice is the gist of the action. It furnishes no basis for changing the judgment, and may be ignored.''

The relevant portions of the half sheet entry are ''Ct. makes spec. fndg of malice—fndg deft John Raklios G as chg in S of C—Mal body X to issue.'' It is contended that this entry does not recite that the trial court made a finding that malice is the gist of the action and, secondly, that the judgment follows the form of this half sheet entry, is correct according to this entry, and needs no correction. The half sheet abbreviations are not equivalent to a finding that malice is the gist of the action. It was so held with respect to the even fuller provisions of the judgment. *Ingalls v. Raklios,* 373 Ill. 404. That decision should be considered by this court.

The half sheet entry reading ''Ct. makes spec. fndg of malice'' is disposed of by the holding of the court in the *Raklios* case, as

''The statement in the judgment that the court makes a special finding of malice is not equivalent to a finding that malice was the gist of the action upon which the judgment was entered. . . .''

The half sheet entry reading ''fndg deft John Raklios G as chg in S of C'' is not a special finding at all, and certainly is not a finding that malice is the gist of the action.

In the discussion of the facts as they appear in this record it is well to consider the opinion of the Supreme Court in *Ingalls v. Raklios, supra.* In the discussion of the case the court said:

''The remaining question leads to a consideration of statements contained in the judgment. In *First Nat. Bank v. Burkett,* 101 Ill. 391, where the court in considering a case of this character said that 'the term ''malice'' in this form of action is not to be considered in the sense of spite or hatred against an individual

but of *malus animus* and as denoting that the party is actuated by improper and indirect motives,' and in considering whether malice was the gist of the action it was stated: 'The gist is defined to be the cause for which an action will lie—the ground or foundation of a suit, without which it will not be maintainable—the essential ground or object of a suit, and without which there is not a cause of action.' From these definitions it is apparent that a defendant could be actuated by malice in committing a tort against the plaintiff and yet malice not be the gist of the action. The statement in the judgment that the court makes a special finding of malice is not the equivalent of a finding that malice was the gist of the action upon which judgment was entered.

"The statement in the judgment that the court found the defendant guilty as charged in plaintiff's claim does not permit a reference to the complaint to determine whether the allegations of fact alleged therein made malice the gist of the action. As pointed out, if such reference was permitted it would authorize the clerk issuing the writ to construe the pleadings in determining the legal effect to be given and thus exercise a judicial act."

In applying the facts as they are stated by the court we are obliged to follow the opinion of the Supreme Court upon the questions that are in this case and as the court says that the defendant may be actuated by malice in committing a tort against the plaintiff and yet malice not be the gist of the action, and further goes on to point out that the statement in the judgment that the court makes a special finding of malice is not the equivalent of a finding that malice was the gist of the action upon which the judgment was entered.

So that when we come to apply the facts as they appear from the record that is filed in this instant case, it appears that three years had passed before the

plaintiff's motion to correct the judgment was filed in the instant case, and the conclusion must follow that there must be some memorandum or notation in the files or records reciting the making of a special finding by the trial court that malice is the gist of the action. No such facts appear in this case, nor did the court make a finding that would meet the requirement expressed in the opinion of the Supreme Court in *Ingalls v. Raklios, supra.*

After careful consideration of the questions involved in this case, we are of the opinion that the court did not err in denying the motion that was made by the plaintiff to change the form of the judgment so that it would appear that it was based upon the fact that malice was the gist of the action, and, there being no justification for changing the judgment or to amend it to make the change as suggested by the plaintiff, we believe that the court did not err, and for that reason the order of the court is affirmed.

*Affirmed.*

Burke, P. J., and Kiley, J., concur.