The People of the State of Illinois, ex rel. Bill Mack Brown, Plaintiff-Appellant, v. Etta Sue Walls, Also Known as Etta Sue Brown, Defendant-Appellee.

Gen. No. 48,701.

First District, Third Division.
November 28, 1962.

William D. Larkin, of Chicago, for appellant.

Ralph L. Stavins, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

On October 19, 1961 Bill Mack Brown (hereinafter referred to as the petitioner) filed a petition in the Superior Court of Cook County for a writ of habeas corpus to secure the custody of his two minor children from their mother, Etta Sue Walls, also known as Etta Sue Brown (hereinafter referred to as the respondent), who was the plaintiff's former wife. A hearing was held and the court awarded custody of the two children to the respondent. It is from this determination that the petitioner has appealed.

From the record it appears it is undisputed that the parties had been residents of the State of Kentucky and that a decree of divorce had been entered on

May 3, 1961, in the Circuit Court of Harlan County, Kentucky. That decree provided that the respondent was to have custody of the children, granted the petitioner rights of visitation, and required him to pay all medical expenses of the children and $30 per month for the support of each of his children. On October 3, 1961 the Kentucky court entered an order which transferred the custody of the two minor children to the petitioner, allowed the respondent reasonable rights of visitation, and revoked its former order requiring the petitioner to make child support payments to the respondent. The petition for a writ of habeas corpus filed by petitioner in the Superior Court of Cook County alleged: (1) that the respondent was unlawfully detaining the children in the City of Chicago; (2) that the petitioner was of good moral character and was financially able to care for his minor children; (3) that the respondent does not have any legal process under which she has a right to keep the children; (4) that the petitioner has a paramount right to their custody because of the order of October 3, 1961 of the Circuit Court of Harlan County, Kentucky.

The writ of habeas corpus was duly issued and the respondent was served on October 20, 1961. Both parties and their children appeared in court on October 26, 1961 and an immediate hearing was held. Evidence was introduced by both parties and the court heard arguments of their respective attorneys. On November 13, 1961 the court entered an order awarding the custody of the children to the respondent and requiring the petitioner to pay $30 per month for the support of his children. The court made the following finding:

"... the Court having heard and considered all evidence adduced by and on behalf of the par-

ties herein, and the arguments of counsel, and being fully advised in the premises:

"NOW, THEREFORE, the Court finds that it has jurisdiction of said children, the parties hereto, and the subject matter herein, that the welfare and best interests of the children require that the children remain in the custody of the Respondent, ETTA SUE WALLS, a/k/a ETTA SUE BROWN."

■ The petitioner's position is that the trial court's determination is erroneous and must be reversed. He contends that the Superior Court of Cook County in a habeas corpus proceeding is without jurisdiction to reverse, change or alter the child custody order of the Kentucky court because the only question presented for determination is whether the Kentucky court had jurisdiction of the parties and the subject matter at the time it entered the order. He then argues that once this is established our courts must give full faith and credit to this decree of our sister State, and that as to the issues decided the former court's determination is res judicata.

The petitioner argues that our courts are powerless to inquire into the question of the best interests of the children in a custody controversy when the issue is presented to the court in a habeas corpus proceeding. His theory is that this question is a collateral issue once there has been a former adjudication of custody. In the case at bar it was the petitioner who sought to invoke the jurisdiction of our courts in order that he might obtain the custody of his children. The record does not show that the respondent attempted to collaterally attack the Kentucky order of custody. If such had been the case we would have been compelled to agree with the petitioner. However, the question of change of circumstances sufficient to jus-

388

tify a change in custody could be presented to the court in an action such as this. It is apparent that this is what did occur because the trial court's finding stated that it was in the children's best interests that they remain with their mother.

■ In People ex rel. Stockham v. Schaedel, 340 Ill 560, 173 NE 172, the court held that it was proper in a habeas corpus proceeding to inquire into the question of the children's best interest. See also Szewczyk v. Szewczyk, 320 Ill App 562, 51 NE2d 801. Consistent with these cases we are required to hold that under circumstances such as this, the power to inquire into the right to custody and the even more important question of the best interests of the children must be left open to investigation in the courts of this State. Our courts must always be sensitive to the needs of the unfortunate child of the divided home and must endeavor to reassess all changes of circumstances of the parents when the issue is brought before it. Accordingly, we must reject the petitioner's contention.

■ Counsel for the petitioner has cited numerous Illinois decisions which clearly establish the proposition that our courts follow the constitutional mandate relating to "full faith and credit." In applying this doctrine to the field of children's custody, however, we see that this doctrine does not apply when there has been a change of circumstances that may affect the minor children to their detriment. It is true that if a divorce decree, or an order subsequent thereto, grants custody of the children to one of the parties, that order is binding on other courts; nor can it be subject to collateral attack. However, another court may subsequently decide on a change of the custody of the children based upon a subsequent change of circumstances. Peraza v. Tovar, 13 Ill App2d 405, 142 NE2d 165; People ex rel. Stockham v. Schaedel, supra;

Nye v. Nye, 411 Ill 408, 105 NE2d 300; Frank v. Frank, 26 Ill App2d 16, 167 NE2d 577.

■ ■ Consistent with the view expressed in the above cases we must determine if there has been a sufficient presentation of a change in circumstances as to justify the change in custody. Of necessity this is a question of fact and the overriding consideration must be the welfare of the children. Nye v. Nye, supra. The plaintiff has failed to incorporate into the record a report of proceedings of the hearing on the writ of habeas corpus. The record only shows the finding of fact in the order of November 13, 1961, where the trial judge found "the welfare and best interests of the children require that the children remain in the custody of Respondent, Etta Sue Walls, a/k/a Etta Sue Brown."

■ In McGurn v. Brotman, 25 Ill App2d 294, 167 NE2d 12, the court said: "When properly authenticated the record filed for the purpose of appeal imports absolute verity, and is the sole, conclusive and unimpeachable evidence of the proceedings in the lower court." See also County Board of School Trustees of Du Page County v. Bendt, 30 Ill App2d 329, 174 NE2d 404. Furthermore, the finding of the trial court must be presumed to be supported by the evidence. Sauter v. Pickrum, 373 Ill 541, 26 NE2d 844; Forsberg v. Harris, 27 Ill App2d 159, 169 NE2d 388. In Smith v. Smith, 36 Ill App2d 55, 183 NE2d 559, we said:

> "It is not necessary that special findings of fact be made or that the facts, upon which the order or decree is based, be set out in such order or decree. Ill Rev Stats 1959, c 110, sec 64–4. If there is a factual finding the presumption obtains that the facts recited in the order are predicated on sufficient evidence. People ex rel. Rose

v. Craig, 404 Ill 505, 89 NE2d 409; Illinois Merchants Trust Co. v. Turner, 341 Ill 101, 173 NE 52; cf. Ruehr v. Continental Ill. Nat. Bank & Trust Co., 296 Ill App 293, 16 NE2d 180. Frequently an order will give some clue as to whether evidence was heard."

We there stated that where the order contains the statement that the court was "fully advised in the premises" it connotes that the court heard sufficient facts to justify the order, citing In re Rubenstein's Estate, 68 NE2d 668 (Ohio App).

In our opinion, and under the authorities, where the court has stated, as it has here, that the welfare and best interests of the children require that the children remain in the custody of the respondent, we must presume that the court heard sufficient evidence of a change of circumstances upon which to base its finding that it was for the best interests of the children that the respondent should be granted custody. The order of November 13, 1961 of the Superior Court of Cook County is affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.